COPY

1
**BRADLEY/GROMBACHER, LLP**
2
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
3
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
4
Telephone:     (805) 270-7100
Facsimile:     (805) 270-7589
5
E-Mail: mbradley@bradleygrombacher.com
       kgrombacher@bradleygrombacher.com
6

7
Attorneys for Plaintiff, MARIO GONSALES, individually
and on behalf of other individuals similarly situated

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 2 6 2019

Daisy Barbin
DAISY Barbin

8

9
**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10
**SAN BERNARDINO COUNTY**

11

12
MARIO GONSALES, individually and on behalf
of other individuals similarly situated,

13
                    Plaintiff,

14
     vs.

15
BERRY GLOBAL FILMS, LLC, a Delaware
corporation, and DOES 1-100 inclusive,

16

17
                    Defendant.

CASE NO. CIV DS  1 9 2 8 9 8 7

**CLASS ACTION** COMPLAINT FOR:

1. **Failure to Pay all Wages;**
2. **Missed Rest Breaks in Violation of California *Labor Code* §§ 200, 226.7, 512, and Wage Order No.1;**
3. **Failure to Pay All Wages Owed at Termination in Violation of California *Labor Code* § 203;**
4. **Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages in Violation of California *Labor Code* § 226;**
5. **Violation of 15 U.S.C §§ 1681(b)(2)(A) (Fair Credit Reporting Act);**
6. **Violation of California *Civil Code* § 1785 et seq. (Consumer Credit Reporting Agencies Act);**
7. **Violations of California *Business & Professions Code* §§ 17200, et seq.**

18

19

20

21

22

23

24

25

26

27
**DEMAND FOR JURY TRIAL**

28

1

1    Plaintiff MARIO GONSALES (hereinafter referred to as "Plaintiff"), hereby submits his Class

2  Action Complaint against Defendant BERRY GLOBAL FILMS, LLC, a Delaware corporation; and

3  Does 1-100 (hereinafter collectively referred to as "Defendant") on behalf of himself and the class of

4  all other similarly situated current and former employees of Defendant as follows:

5

6                              **INTRODUCTORY FACTUAL ALLEGATIONS**

       1.      This class action is within the Court's jurisdiction under California *Labor Code* §§ 200,
7
   201-203, 226, 226(a), 226.7, 510, 512, and 1194, California *Business and Professions Code* § 17200,
8
   et seq., (Unfair Practices Act), *Fair Credit Reporting Act* (FCRA) and the *Consumer Credit Reporting*
9
   *Act*.

10     2.      This complaint challenges systemic illegal employment practices resulting in

11  violations of the California *Labor Code*, California *Business and Professions Code,* and *Fair Credit*

12  *Reporting Act* against employees of Defendant.

13     3.      Plaintiff seeks relief on behalf of himself and the members of the Plaintiff Class as a

14  result of employment policies, practices and procedures more specifically described below, which

15  violate the California *Labor Code*, and the orders and standards promulgated by the California

16  Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.

17  Said employment policies, practices and procedures are generally described as follows:

18           a.  Failure to pay Plaintiff and the members of the Plaintiff Class wages for all hours

19               worked pursuant to California *Labor Code* §1194;

20           b.  Failure to provide Plaintiff and the members of the Plaintiff Class with timely rest

21               breaks in violation of California *Labor Code* §§ 200, 226.7, 512, and Wage Order

22               No. 1);

23           c.  Failure to pay Plaintiff and members of the Plaintiff Class all wages owed at

24               termination in violation of California *Labor Code* §200-203;

25           d.  Failure to provide Plaintiff and members of Plaintiff Class with clear, stand-alone

26               written disclosures before obtaining a credit or background report in compliance

27               with the statutory mandates;

28           e.  Failure to comply with FCRA;

                                            2

1        f.  Failure to factor in non-discretionary referral bonuses into the overtime rate of pay;

2            and

3        g.  Failure to timely pay all wages due to Plaintiff and other employees upon

4            termination or within 72 hours of resignation.

5      4.     Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged

6 in, among other things a system of willful violations of the California *Labor Code*, California *Business*

7 *and Professions Code*, and applicable IWC wage orders by creating and maintaining policies,

8 practices and customs that knowingly deny employees the above stated rights and benefits.

9      5.     The policies, practices and customs of Defendant described above and below have

10 resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that

11 routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code.*

12     6.     Plaintiff alleges that on a routine basis, Defendant obtained credit reports to perform

13 background checks on Plaintiff and other prospective employees and used that information in

14 connection with the background checks without providing the proper disclosures and authorization in

15 compliance with the law.

16     7.     This matter is brought as a class action pursuant to California *Code of Civil Procedure*

17 §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but

18 which is comprised, generally, of all former and current employees of Defendant BERRY GLOBAL

19 FILMS, LLC, a Delaware corporation, who hold or held the job positions which Defendant classified

20 as "non-exempt" at any of Defendant's facilities in California and throughout the United States.

21     8.     This Complaint alleges systematic violations of the California *Labor Code* (hereinafter,

22 *"Labor Code,"*) California *Business & Professions Code*, and *Fair Credit Reporting Act* and is brought

23 by Plaintiff on his own behalf and on behalf of the members of the Plaintiff Class.

24     9.     The California Plaintiff "Class Period" is defined as the period from four years prior to

25 the filing of this action through and including the date judgment is rendered in this matter. Plaintiff

26 herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in

27 this matter proceeds.

28

10.     The actions of Defendant are in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

11.     The policies, practices and customs of Defendant described above and herein have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the requirements of the California *Labor Code*, of the *Business & Professions Code*, and *Fair Credit Reporting Act.*

## JURISDICTION AND VENUE

12.     On information and belief, Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

13.     Venue is proper in San Bernardino County because the acts which give rise to this litigation occurred in this county and Defendant does business in San Bernardino County.

## THE PARTIES

14.     Plaintiff MARIO GONSALES ("Plaintiff") is a resident of Riverside County, in the State of California.  Plaintiff was employed by Defendant in Chino, California from October 2017 through August 2, 2019.

15.     Berry Global Films LLC, is a Delaware corporation that conducts business in California.

16.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

4

17.    At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

18.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

19.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

20.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

21.    The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

5

## FACTUAL ALLEGATIONS

22.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

23.     Plaintiff and the members of the Plaintiff Class seek compensation from Defendant for the relevant time period because Defendant:

        a. Failed to pay wages for all hours worked by Plaintiff and the members of the Plaintiff Class (California *Labor Code* §1194);

        b. Failed to pay the regular rate of pay to reflect non-discretionary referral bonuses;

        c. Failed to provide rest breaks;

        d. Failed to pay Plaintiff and the member of the Plaintiff Class all wages owed at termination;

        e. Failed to provide Plaintiff and the members of Plaintiff Class with clear, standalone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

        f. Failed to comply with FCRA and CCRAA.

24.     Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlines above.

25.     Defendant's utilization of such unfair business practices deprives Plaintiff and Class members of the general minimum working standards and entitlements due to them under California law and the Industrial Welfare Commission wage orders as described herein.

26.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

***Defendant's Failure to Pay for All Hours Worked***

27.     Defendant did not compensate aggrieved employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to

the control and direction of Defendant; and/or the time that the employees were suffered or permitted to work.

28.     Defendant, at all times relevant herein, has failed and refused to compensate Plaintiff and members of the Plaintiff Class all wages due to them by failing to pay the regular rate, and failing to compensate Plaintiff and members of the Plaintiff Class for time spent taking a drug test. Additionally, Plaintiff and other members of the Plaintiff Class received non-discretionary referral bonuses, and Defendant failed to factor this non-discretionary bonus into the rate of pay for overtime. Therefore, Defendant has not paid all wages owed to Plaintiff and members of the Plaintiff Class.

***Defendant's Failure to Provide Rest Breaks***

29.     At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, number 5, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

30.     At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 5, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period was not provided.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendant failed and continues to fail to provide required rest breaks. Plaintiff and other employees must walk three (3) minutes to and from the rest area, which is time not factored into the rest breaks. Thus, Plaintiff and other employees receive less than the required ten (10) minutes of rest. Throughout the Class Period, Plaintiff and the members of the Plaintiff Class were routinely denied the rest breaks they were entitled to under California law.

32.     Specifically, throughout the Class Period, Defendant regularly:

    a.  Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

    b.  Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

***Defendant's Failure to Pay All Wages Due at Termination of Employment***

7

33.   At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

34.   Defendant willfully and knowingly failed to pay Plaintiff and other members of the Plaintiff Class upon termination of employment, all accrued compensation.

**Defendant's Failure to Provide Accurate Wage Statements**

35.   Defendant failed to comply with California *Labor Code* Section 226(a) because the rate of pay and rest breaks were incorrect. Further, wage statements do not accurately provide the total hours worked and non-discretionary bonuses are not factored into Plaintiff's overtime rate of pay.

**Defendant's Violation of FCRA and CCRAA**

36.   Plaintiff alleges that the document provided to Plaintiff and members of the Plaintiff Class regarding background checks is not clear and conspicuous. Plaintiff alleges that when he and the members of the Plaintiff Class applied for a position with Defendant, they were asked to execute a disclosure and authorization form so that Defendant could perform a background investigation. Plaintiff alleges that the form provided by Defendant for the background investigation does not comply with the laws detailed below in the body of the causes of action.

**Facts Regarding Willfulness**

37.   Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

38.   Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant had a consistent policy or practice of failing to compensate the Plaintiff Class members, including Plaintiff.

8

39.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendant to pay the Plaintiff Class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

**Plaintiff's Exhaustion of Administrative Remedies**

40.     Plaintiff is currently complying with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

41.     By letter dated September 26, 2019 required notice to Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

42.     This Complaint will be amended when more than sixty (60) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

**Unfair Business Practices**

43.     Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

44.     Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

45.     Defendant's utilization of such unfair business practices deprives Plaintiff and Class Members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

46.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

9

## CLASS ACTION ALLEGATIONS

47.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

48.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

### Plaintiff Class

All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter). The term "non-exempt employee" refers to those who Defendant has classified as non-exempt from the overtime wage provisions of the California *Labor Code*.

### Terminated Sub Class

All members of the Plaintiff Class whose employment ended during the Class Period. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter).

### FCRA Class:

All individuals who applied for employment in the United States with Defendant for which background checks were performed beginning five (5) years prior to the filing of this action through the date judgment is rendered.

### CCRAA Class:

All individuals who applied for employment in California with Defendant for which a background check was performed beginning seven (7) years prior to the filing of this action through the date

10

1    judgment is entered.

2    (collectively "Plaintiff Class" or "Class Members)

3        49.    The Plaintiff, Terminated Sub Class, FCRA and CCRAA Classes are so numerous that

4    the individual joinder of all members is impracticable. While the exact number and identification of

5    the Plaintiff, Terminated Sub Class, FCRA and CCRAA Class Members are unknown to Plaintiff at

6    this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is

7    informed and believes that the class includes potentially hundreds of members.

8        50.    Common questions of law and fact exist as to all Class Members, and predominate over

9    any questions affecting solely individual members of the class.  Among the questions of law and fact,

10   that are relevant to the adjudication of class members claims are as follows:

11              a.    Whether Plaintiff and members of the Plaintiff Class are subject to and entitled
                      to the benefits of California wage and hour statutes;

12              b.    Whether Defendant's policies regarding drug tests and regular rate of pay resulted
13                    in a failure to pay all wages;

14              c.    Whether Defendant maintained accurate records of the hours worked by members
15                    of the Class in violation of California *Labor Code* §1174;

16              d.    Whether Defendant had a standard policy of adequate rest breaks;

17              e.    Whether Defendant failed to comply with FCRA;

18              f.    Whether Defendant failed to comply with the CCRAA;

19              g.    Whether Defendant willfully failed to provide Plaintiff and members of the
20                    Plaintiff Class with clear, stand-alone written disclosures before obtaining a
21                    credit or background report in compliance with statutory mandates;

22              h.    Whether Defendant unlawfully and/or willfully deprived Plaintiff and Class
23                    Members of rest breaks and pay for missed breaks pursuant to California *Labor
24                    Code* §§ 200, 226.7, 512, and Wage Order No. 1;

25              i.    Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and
26                    members of the Plaintiff Class with true and proper wage statements upon
27                    payment of wages, in violation of California *Labor Code* §226;

28              j.    Whether Plaintiff and members of the Plaintiff Class sustained damages, and if

11

CLASS ACTION COMPLAINT

so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

k.  Whether the members of the Terminated Sub-Class that are no longer employed by the Defendant are entitled to penalties pursuant to California *Labor Code* §203;

l.  Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

51. The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff, Terminated Sub Class, FCRA and CCRAA Classes. Plaintiff and Class Members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

52. Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

1      54.    The various claims asserted in this action are additionally or alternatively certifiable

2  under the provisions of the California *Code of Civil Procedure* § 382 because:

3          a.    The prosecution of separate actions by hundreds of individual class members

4                  would create a risk or varying adjudications with respect to individual class

5                  members, thus establishing incompatible standards of conduct for Defendant;

6                  and

7          b.    The prosecution of separate actions by individual class members would also

8                  create the risk of adjudications with respect to them that, as a practical matter,

9                  would be dispositive of the interest of the other class members who are not a

10                 party to such adjudications and would substantially impair or impede the ability

11                 of such non-party class members to protect their interests.

12     55.    Plaintiff hereby incorporates each and every allegation contained above and realleges said

13 allegations as if fully set forth herein.

14 **FIRST CAUSE OF ACTION**

15 **FAILURE TO PAY FOR ALL HOURS WORKED**

16 **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

    56.    Plaintiff incorporates herein by reference the allegations set forth above.

17     57.    At all times relevant herein, which comprise the time period not less than four (4) years

18 preceding the filing of this action, Defendant was required to compensate its hourly employees for all

19 hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the

20 Industrial Welfare Commission Orders and California *Labor Code* §§ 200, 226, 1197, and 1198.

21     58.    For at least the four (4) years preceding the filing of this action, Defendant failed to

22 compensate employees for all hours worked, including compensation at the regular rate of pay.

23 Defendant implemented policies that actively prevented employees from being compensated for all

24 time worked by subjecting employees to unpaid drug tests.

25     59.    Defendant also failed to pay Plaintiff and Plaintiff Class the regular rate, by failing and

26 refusing to factor in a non-discretionary referral bonus into the rate of pay for overtime.

27     60.    Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff

28 Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years

13

1    preceding the filing of this action, in addition to reasonable attorneys' fees and costs of suit in

2    accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code*

3    §203 and 206.

4        61.    Defendant has knowingly and willfully refused to perform its obligations to

5    compensate Plaintiffs and the Plaintiff Class for all wages earned and all hours worked, in violation

6    of state law. As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer,

7    substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and

8    expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligation under state

9    law, in accordance with Plaintiff's and the Plaintiff Class' respective damage amounts according to

10   proof at time of trial.

11       62.    Defendant committed such actions knowingly and willfully, with the wrongful and

12   deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to

13   malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

14       63.    Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual,

15   compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

16       64.    As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff

17   Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

## MISSED REST BREAKS IN VIOLATION OF

## CAL. *LABOR CODE* SECTIONS 200, 226.7, 512, AND WAGE ORDER NO. 1

### (By Plaintiff and the Members of the Plaintiff Class Against Defendant)

18       65.    Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth

19   herein, the allegations contained above.

20       66.    For at least the four (4) years preceding the filing of this action, Defendant failed to

21   provide rest breaks as required by law.

22       67.    In addition, Defendant failed to pay Plaintiff and the Class members the full statutory

23   penalty for all missed rest periods.

24       68.    Defendant's conduct described herein violates the Industrial Welfare Commission

25   Order and California *Labor Code* §§ 226, 226.7, 512, and 1198.

69.     Plaintiff and the Class Members are entitled to recover additional compensation for all rest periods that were missed, but not paid for, during the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to California *Labor Code* § 218.5 and penalties pursuant to California *Labor Code* § 226.7.

70.     Defendant failed to provide Plaintiff and Class Members the full ten (10) minutes of rest time prescribed by law. To reach the break area, Plaintiff and Class Members must walk three minutes. This time reduces the amount of rest time to approximately seven (7) minutes. During meal periods, Defendant provides all employees with thirty-three minutes (33), three of which minutes are to account for walking time. However, during rest breaks, no additional time is given.

71.     As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial and have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such monies, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law.  Plaintiff and the Class Members are thus entitled to recover nominal, actual, compensatory and exemplary damages in amount according to proof at time of trial.

72. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF

### TERMINATION (California *Labor Code* §§ 201-203)

**(By Plaintiff and Members of the Terminated Sub Class Against Defendant)**

73.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

74.     At all times, relevant herein, Defendant was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

75.     As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

15

1   76.    The conduct of Defendant and its agents and managerial employees as described herein

2   was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated

3   Sub Class.

4   77.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful

5   failure to pay wages due and owing upon separation from employment results in a continued payment

6   of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class

7   Members who have separated from employment are entitled to compensation pursuant to California

8   *Labor Code* § 203.

9   ### FOURTH CAUSE OF ACTION

10  ### FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN

11  ### VIOLATION OF CAL. *LABOR CODE* § 226

12  **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

13  78.    Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth

14  herein, the allegations contained above.

15  79.    California *Labor Code* § 226(a) sets forth reporting requirements for employers when

16  they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish

17  his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2)

    total hours worked by the employee.... (5) net wages earned ... (8) the name and address of the legal

18  entity that is the employer... (9) all applicable hourly rates in effect during the pay period and the

19  corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.)

20  Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure

21  by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual

22  damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred

23  dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate

24  penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable

25  attorney's fees."

26  80.    Defendant failed to accurately report the gross wages earned and the net wages earned

27  by Plaintiff and the Class Members on their wage statements.

28

16

81.    Defendant failed to accurately represent the total hours worked by Plaintiff and Class Members in that all hours worked are not accurately reflected on their wage statements.

82.    Defendant failed to accurately represent, on the wage statements, the applicable hourly rates in effect for overtime that Plaintiff and Class Members may have been entitled to receive (if applicable).

83.    Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class Members from determining the amounts of wages actually owed to them.

84.    Plaintiff and Class members request recovery of California *Labor Code* § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), in a sum as provided by the *Labor Code* and/or other statutes.

85.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF FCRA

### 15 U.S.C. §§ 168lb(b)(2)(A))

### (By Plaintiff and the FCRA Class Against Defendant)

86.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

87.    Defendant are "persons" as defined by § 1681a(b) of the FCRA.

88.    Plaintiff and the members of the FCRA Class are "consumers" within the meaning of § 1681a(c) of the FCRA, because they are "individuals."

89.    Section 1681b(b) of the FCRA provides, in relevant part:

a.   Conditions for furnishing and using consumer reports for employment purposes

...

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-

17

(i) *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in *a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the *consumer has authorized in writing* (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(Emphasis Added).

(a) Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless-

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to her character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) includes a statement informing the consumer of her right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title;

(Emphasis Added.)

90.    Plaintiff alleges, on information and belief, that Defendant as part of the application process for employment, required Plaintiff and the members of the FCRA Class to allow Defendant to procure or cause to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(l)(B) and 15 U.S.C. § 1681a(e)).

91.    Plaintiff alleges that when he and the members of the FCRA Class applied for a position with Defendant they were asked to execute a disclosure and authorization form so that Defendant could perform a background investigation. Plaintiff alleges that the form provided by Defendant for the background investigation does not meet the required disclosures and explanation of rights as

18

1   required. Specifically, there is a section that includes "Additional State Law Notices." This section
2   includes additional notices for California, Massachusetts, Minnesota, New Jersey, New York and
3   Washington state.

4      92.   By including "Additional State Law Notices" Defendant violated § 1681b(b)(2)(A) of
5   the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and
6   conspicuous written disclosure, before a consumer report was procured or caused to be procured, in a
7   document that consists solely of the disclosure.

8      93.   Upon information and belief, Defendant has a policy and practice of failing to provide
9   adequate written disclosures to applicants and employees, before procuring consumer reports or
10  causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured
11  consumer reports or caused consumer reports to be procured for Plaintiff and the members of the
12  FCRA Class without first providing adequate written disclosures in compliance with § 1681b(b)(2)(A)
13  of the FCRA and the inclusion of a release and other extra information in violation of § 1681(b)(2)(A).

14     94.   Defendant violated § 1681 d(a)(1) of the FCRA by failing to clearly and accurately
15  disclose, in writing, that an investigative consumer report may be made.

16     95.   Pursuant to that policy and practice, Defendant procured investigative consumer
17  reports or caused investigative consumer reports to be procured for Plaintiff and members of the FCRA
18  Class, without providing a timely written summary of their rights under the FCRA.

19     96.   Accordingly, Defendant willfully violated and continues to violate the FCRA
20  including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendant's willful conduct is reflected
21  by, among other things, the facts set forth above.

22     97.   As a result of Defendant's illegal procurement of credit and background reports by way
23  of its inadequate disclosures as set forth above, Plaintiff and the members of the FCRA Class have
24  been injured by, including, but not limited to, having their privacy and statutory rights invaded in
25  violation of the FCRA.

26

27

28

CLASS ACTION COMPLAINT

1      98.    Plaintiff, on behalf of himself and the members of the FCRA Class, seeks all available

2  remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive

3  damages, injunctive and equitable relief, and attorneys' fees and costs.

4      99.    In the alternative to Plaintiff's allegations that these violations were willful, Plaintiff

5  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15U.S.C. §

6  681o.

7                               **SIXTH CAUSE OF ACTION**

8         **FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF CCRAA**

9                       **CAL. *CIVIL CODE* § 1785 et seq.**

10                **(By Plaintiff and the CCRAA Class Against Defendant)**

11      100.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

12      101.   Defendant is a "person" as defined by California *Civil Code* § 1785.30.

13      102.   Plaintiff and the members of the CCRAA define "consumer credit report" as any

14  written, oral, or other communication of any information by a consumer credit reporting agency

15  bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is

16  expected to be used, or collected in whole or in part, for the purpose of serving as a factor in

17  establishing the consumer's eligibility for employment purposes.

18      103.   Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any

19  person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole

20  or in part in the business of assembling or evaluating consumer credit information or other information

21  on consumers for the purpose of furnishing consumer credit reports to third parties, but does not

22  include any governmental agency whose records are maintained primarily for traffic safety, law

23  enforcement, or licensing purposes."

24      104.   Section 1785.3(f) of the CCRA of the CCRAA defines "employment purposes," when

25  used in connection with a consumer credit report, as "a report used for the purpose of evaluating a

26  consumer for employment, promotion, reassignment, or retention as an employee."

27

28

105.    Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that (1) identifies the specific basis under subdivision (a) of § 1024.5 of the *Labor Code* for use of the report; (2) informs the person of the source of the report; and (3) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

106.    At all relevant times herein, Defendant willfully violated § 1785.20.5(a) of the CCRAA because the Disclosure and Authorization Form, Other Disclosures Form and California Disclosure does not contain a box that the Plaintiff or other Class Members may check off to receive a copy of the credit report. Further, under "Additional State Law Notices" the California text box states that the employee or potential employee has limited access to the report, and the employee or potential employee will be charged for printing costs associated with obtaining the report.

107.    Defendant willfully violated § 1785.20.5(a) of the CCRAA as to Plaintiff and the members of the CCRAA Class.

108.    Accordingly, Defendant willfully violated and continues to violate the CCRAA including, but not limited to § 1785.20.5(a). Defendant's willful conduct is reflected by, among other things, the facts set forth above.

109.    As a result of Defendant's willful conduct as set forth above, Plaintiff and the members of the CCRAA Class have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

110.    Plaintiff, on behalf of himself and the members of the CCRAA Class, seeks all available remedies pursuant to California *Civil Code* §§ 1785.31(a)(1) including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

111.    Alternatively, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under California *Civil Code* § 785.31(a)(1).

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTH CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA**

***BUSINESS AND PROFESSIONS CODE* § 17200, etc.**

**(By Plaintiff and the Members of the Plaintiff Class, Against Defendant)**

112.　Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

113.　Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

114.　Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendant's actions.

115.　The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq*.

116.　Defendant's conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendant's actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

117.　Because of such conduct, Defendant has unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

118.　All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendant's records. The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

1    119.    During the Class Period, Defendant committed, and continues to commit, acts of unfair

2 competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other

3 things, engaging in the acts and practices described above.

4    120.    Defendant's course of conduct, acts, and practices in violation of the California law as

5 mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc.,

6 of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

7    121.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied

8 lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies and practices

9 and therefore, Defendant's actions described herein constitute an unfair business practice or act within

10 the meaning of *Business and Professions Code* § 17200.

11    122.    Defendant's conduct described herein threatens an incipient violation of California's

12 wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly

13 threatens or harms competition.

14    123.    Defendant's course of conduct described herein further violates California *Business*

15 *and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

16    124.    The unlawful, unfair, and fraudulent business practices and acts of Defendant as

17 described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were

18 wrongfully denied the timely and full payment of wages due to them.

19                         **PRAYER FOR RELIEF**

20     WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

21     1.    For an order certifying the proposed Plaintiff, Terminated Sub Class, FCRA and

22          CCRAA Classes;

23     2.    An order that counsel for Plaintiff be appointed class counsel;

24     3.    Certification of this class action on behalf of the proposed Plaintiff, Terminated Sub-

25          Class, FCRA and CCRAA Classes;

26     4.    Designation of Plaintiff as the class representative of the Plaintiff, Terminated Sub

27          Class, FCRA Class and the CCRAA Class.

28

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

6. A declaration that Defendant's practices violate the FCRA and the CCRAA;

7. Prejudgment and post judgment interest on all sums awarded

8. For compensatory damages;

9. For penalties pursuant to California *Labor Code* §§ 200, 226, 226.7, 226.3, 226.7;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 226 and 1194;

12. For reasonable attorneys' fees pursuant to California *Labor Code* §§ 226, and 1194; and,

13. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

   a. California *Labor Code* § 226, by failing to provide the information required with each payment of wages;

   b. California *Labor Code* §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

   c. California *Labor Code* § 226.7 by failing to provide rest breaks mandated by law;

   d. California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above;

14. For all such other and further relief that the Court may deem just and proper.

DATED: September 26, 2019       **BRADLEY/GROMBACHER, LLP**

By: _____
      Marcus J. Bradley, Esq.
      Kiley Lynn Grombacher, Esq.
      Attorneys for Plaintiff

24

1

2

**JURY DEMAND**

3

4

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

5

DATED: September 26, 2019                    **BRADLEY/GROMBACHER, LLP**

6

7

By: _____

8

Marcus J. Bradley, Esq.

9

Kiley L. Grombacher, Esq.

Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT